Case 1:04-cv-00747-WSD   Document 20   Filed 10/07/04   Page 1 of 11

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 0 7 2004

LUTHER D. THOMAS, Clerk
BY: ~~~~~~ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAVIN ALLEYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 1:04-CV-0747-JTC WSD |
| ) | |
| COSTCO WHOLESALE CORPORATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CONSENT PROTECTIVE ORDER

This cause coming before the Court pursuant to the agreement of Plaintiff Gavin Alleyne ("Alleyne or "Plaintiff"), and Defendant Costco Wholesale Corporation ("Defendant" or "Costco"), and the Court being advised that:

(a)  the production by the parties of certain documents and information which relate to the above-captioned case may be required in response to various requests for production served in this action; and

(b)  the documents and certain information required to be produced include sensitive personnel, financial or competitive information and

materials that the producing party otherwise maintains are proprietary and/or confidential,

the parties' joint request for a protective order governing disclosure and use of confidential material/information is GRANTED AS FOLLOWS:

1.  "Confidential Material," as used herein, means information of any type, kind, or character that is designated as "CONFIDENTIAL" by any of the producing or receiving parties, whether it be a document, interrogatory answer, deposition testimony, answer to request for admission, response to subpoena duces tecum, or any other information obtained through any means in this litigation pursuant to or in accordance with the Federal Rules of Civil Procedure or pursuant to agreement between the parties, and including by representative example, but not limited to, information that concerns or relates to employee personnel information, private business information, marketing, market strategy, sources of components, identification of suppliers, designs, drawings, formulations, manufacturing techniques, advertising strategy, pricing, actual and projected sales, distribution methods, actual and projected expenses and costs, identification of customers, vendors, subcontractors, inventories, and amount or source of any income, profits, losses, or expenditures.

2.   All Confidential Material produced or exchanged in the course of this litigation shall be used only for the purposes of this action with discovery, pretrial proceedings, preparation for trial, trial, and post-trial proceedings, and for no other purpose whatsoever. Confidential Material shall not be disclosed to any person except in accordance with the terms hereof.

3.   Confidential Material disclosed at any deposition occurring in this action may be designated as "CONFIDENTIAL" by any party by indicating on the record at the deposition that the testimony is Confidential Material. Any party may also designate information disclosed at a deposition as "CONFIDENTIAL" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as "CONFIDENTIAL" thereafter. All parties shall attach a copy of such written notice(s) to the face of the transcript and each copy thereof in its possession, custody, or control.

4.   Confidential Material classified "CONFIDENTIAL" may be disclosed only to the following persons, and only to the extent necessary for the conduct of this action, except upon prior written consent of the designating party: (a) counsel for the parties, including paralegal, secretarial and clerical employees or other

individuals hired by counsel for work on this lawsuit; (b) Costco Wholesale Corporation through its legal department and through its corporate and human resources employees; (c) Plaintiff, through his counsel, provided that Plaintiff's counsel, and not Plaintiff, maintains custody, possession and control over any documents or copies thereof; (d) the Court and any court personnel; (e) any court reporter employed for the purposes of deposition in this litigation, including persons operating video recording equipment at video depositions; and (f) the individual to whom the document refers.

5.  All Confidential Material produced or exchanged in the course of this litigation shall be kept in secure, protected locations that are not susceptible to review or inspection by anyone other than those authorized by this Protective Order.

6.  Any Confidential Material filed with the Court shall be filed in an envelope under seal and shall remain under seal until further order of the Court. Where possible, only the portions of the filing with the Court constituting Confidential Material shall be filed under seal. The party filing any Confidential Material shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "TO BE FILED UNDER SEAL

PURSUANT TO COURT ORDER" next to the caption and on the envelope in which it is contained.

7.   No party shall be required or obligated to challenge another party's designation of material as "CONFIDENTIAL" at the time such designation is made, and the failure to do so shall not operate as a waiver of or preclude a subsequent challenge to such designation. Any party may request in writing to the party who produced Confidential Material that the designation be modified or withdrawn. If the designating party does not agree to the redesignation within ten days of receipt of the written request, the requesting party may apply to the Court for relief. Upon such application for relief from the Court, the burden shall be on the designating party to establish to the Court's satisfaction that its classification is proper.

8.   Confidential Material, as provided by this Protective Order, may not be disclosed unless and until the person to whom such disclosure is to be made shall first sign an acknowledgment in the form attached hereto as Exhibit A, which acknowledgment shall be maintained in the files of counsel seeking to make such a disclosure. Copies of such acknowledgments shall be provided to all counsel upon request after the termination of this suit, including any appeals, or at such earlier

time as the Court may order for good cause shown upon motion of any party; provided, however, that copies of acknowledgments executed by any expert disclosed pursuant to Rule 26(a)(2) shall be produced at the time the expert disclosure is made.

9.   In the event that a party or a third party inadvertently discloses Confidential Material that was intended to be designated as "CONFIDENTIAL" without making such designation, the party or third party shall notify the receiving party of the inadvertent undesignated disclosure, and shall identify with particularity the inadvertently disclosed matters. Thereafter, the receiving party may, at its election: (a) mark the inadvertently disclosed items with the legend typically used by the producing party, or (b) return the items to the designating party for marking. In the event option (b) is exercised, the documents shall be marked and promptly returned by the designating party.

10.   Ninety (90) days after termination of this action, including any appeals, all documents and other tangible items containing Confidential Material, including all copies, notes and other materials containing or referring to information derived therefrom, shall be returned to the party that produced it or, upon that party's written consent, destroyed, and upon the producing party's

written request, all persons who possessed such material shall verify, to the best of their knowledge, the return or destruction by affidavit or declaration furnished by the producing party. Notwithstanding the foregoing, outside counsel for each party may retain one copy of all pleadings, transcripts and exhibits used in the case, as well as attorney work notes in their permanent case files.

11. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

12. Any person to whom "CONFIDENTIAL" information is disclosed shall be bound by the terms of this Protective Order and shall be subject to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

13. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information. Nothing in this Protective Order, nor the production of any information or documents under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to have the effect, in whole or in part, of an admission or a waiver by any party

altering in any way the confidentiality of any such documents or information or altering any existing obligation of any party or the absence thereof.

14. Nothing in this Protective Order shall prevent the designating party from publicly disclosing any of its own Confidential Material as it deems appropriate.

15. The terms of this Protective Order shall survive and remain in effect after the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

IT IS SO ORDERED this the 7th day of October, 2004.

Atlanta, Georgia

*E. Clay Scofield*
Honorable E. Clayton Scofield III
United States Magistrate Judge

Consented to:

| | |
|---|---|
| *Stephen A. Camp by kem w/ express permission* | *Kathleen E. Mones* |
| Stephen A. Camp | Steven Michael Staes |
| Georgia Bar No. 105890 | Georgia Bar No. 673992 |
| Lance P. McMillian | Kathleen E. Mones |
| Georgia Bar No. 498098 | Georgia Bar No. 760735 |
| McMillian & Camp, LLP | SEYFARTH SHAW LLP |
| P.O. Box 1011 | 1545 Peachtree Street, N.E., Suite 700 |
| Newnan, Georgia 30264 | Atlanta, Georgia 30309-2401 |
| Telephone: (770) 502-0130 | Telephone: (404) 885-1500 |
| Facsimile: (770) 502-0962 | Facsimile: (404) 892-7056 |
| Attorneys for Plaintiff | Attorneys for Defendant |

Date: July 19, 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAVIN ALLEYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 1:04-CV-0747-JTC |
| ) | |
| COSTCO WHOLESALE CORPORATION ) | |
| ) | |
| Defendant. ) | |

## ACKNOWLEDGMENT OF CONSENT PROTECTIVE ORDER

I, _____, hereby declare, under the pains and penalty of perjury, that:

1. My present address is _____

_____

_____.

2. My present employer is _____.   The address of my present employer is_____

_____

_____.

3.   I hereby acknowledge that I may receive Confidential Material provided by _____. I certify that the Confidential Material provided to me is pursuant to the terms and restrictions of the Consent Protective Order. I have been given a copy of the Consent Protective Order and have read and understand my obligations under it. I hereby agree to be bound by the terms of the Consent Protective Order. I understand that any and all Confidential Material that I receive shall not be disclosed to or discussed with anyone not similarly bound by the Consent Protective Order. At the conclusion of this proceeding, I will return all information and materials I receive to counsel of record for the party by whom or on whose behalf I have been retained.

4.   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Consent Protective Order and waive any and all objections to jurisdiction and venue for that purpose. I understand that I am bound by the terms of the Consent Protective Order and if I violate the provisions of the Consent Protective Order I may be subject to, among other things, sanctions by the Court.

Date: _____     Signature: _____

                                      Name: _____
                                              (printed or typed)